## CONTINUATION OF APPLICATION FOR A SEARCH WARRANT AND IN SUPPORT OF A CRIMINAL COMPLAINT

## INTRODUCTION

1. I, Aaron Eastham, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since 2018. I am currently assigned to the Detroit Field Office, Grand Rapids Resident Agency. During my employment with the FBI, I have conducted investigations involving violations of federal criminal laws, including violations related to child exploitation and pornography. I am familiar with the various statutes of Title 18, United States Code, Chapter 110 – sexual exploitation and other abuse of children, including violations pertaining to sexual exploitation and attempted sexual exploitation of children (18 U.S.C. § 2251(a)), distribution or receipt of child pornography (18 U.S.C. § 2252A(a)(2)), and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)). I am a federal law enforcement officer and, therefore, authorized by the Attorney General to request a Search Warrant under Federal Rule of Criminal Procedure 41.

2. Pursuant to the provisions of 18 U.S.C. § 2256(8), "child pornography" means a visual depiction, the production of which involves the use of a minor engaging in sexually explicit conduct, including but not limited to various simulated or actual sex acts, or the lascivious exhibition of the genitals or the pubic area.

3. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Discord, Inc., an electronic communications service provider headquartered at 444 De Haro Street, Suite 200, San Francisco, CA

94107. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Discord, Inc. to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the account, including the contents of communications.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2422(b) (coercion and enticement of a minor), 2251(a) (sexual exploitation and attempted sexual exploitation of a child), 2252A(a)(2) (receipt of child pornography), and 2252A(5)(B) (possession of child pornography) have been committed by ANDREW PETER SORENSON, whom your affiant believes is the user of Discord account **Guitar_Concept,** previously **Guitar_Concept#3687** (hereinafter the "SUBJECT ACCOUNT"), and that evidence of the violations is located in the SUBJECT ACCOUNT. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

5. The statements contained in this Continuation are based upon information acquired during my investigation, as well as information provided by others such as other police officers, task force officers (TFOs), and special agents of the FBI. Because this Continuation is being submitted for the limited purposes described above, I have not included each and every fact known to me concerning this

investigation. I have set forth only the facts I believe necessary to establish probable cause.

## PROBABLE CAUSE FOR SEARCH WARRANT

6.     Discord is an online voice, video, and text chat application. On 1/24/2023, an administrator of an online Discord server submitted an online tip to the FBI's National Threat Operations Center, regarding Discord **User Guitar_Concept#3687**, who the Tipster identified as ANDREW SORENSEN, but who went by the name "Andrea." According to the Tipster, SORENSEN was in an inappropriate online relationship with a 13-year-old transgender minor.

7.     On 2/28/2023, the Tipster was telephonically interviewed by law enforcement. The Tipster ran an LGBTQ mental health support group server on Discord for minors. SORENSEN was also an administrator in this group. A 13-year-old Discord user named Colby_Brock#8176 (later identified as a 13-year-old biological female,[1] who went by the name Colby and identified as a male, herein referred to as MV1) told the Tipster that she was in a relationship with **Guitar_Concept#3687**. The Tipster removed SORENSEN from the group after several other minors reported him for inappropriate behavior.

8.     The Tipster identified SORENSEN's Facebook profile and sent a screenshot of the profile to the FBI. The profile was under the name "Andrew Sorensen III". An Agent from FBI viewed SORENSEN's public-facing Facebook

---

[1] Her name is known to me; however, to protect personal information of the minor, I have not included it here.

profile. The profile contained several selfie-style photos that were used for profile pictures for the account. It also contained a link the user's Twitch profile,[2] which was under the name "Guitar_Concept." In the profile's "About Info," the current city was listed as Muskegon, Michigan and the user's birthday was 12/ XX/2000.[3]

9.  The Tipster identified MV1 as living in Palatine, Illinois and had made a report with the Palatine Police Department regarding SORENSEN's relationship with MV1. Law Enforcement spoke with MV1's mother, who said the MV1 was in an out-patient hospitalization program. MV1's mother knew MV1 had been in an online relationship with SORENSEN, but did not know SORENSEN's age or legal gender. She was also aware MV1 had sent SORENSEN "inappropriate" pictures in the past, but they have since been deleted. MV1's mother did not think SORENSEN asked for MV1 to meet in person or send inappropriate pictures. MV1's mother would not consent to MV1 being forensically interview by law enforcement at that time.

10. On 3/23/2023, the FBI served an administrative subpoena to Discord for the account **Guitar_Concept#3687**, requesting basic subscriber information for the account user. Discord provided the following subscriber information:

   a. Phone Number: +12312151942

   b. E-mail Address: tyandandrewsorensen@gmail.com

   c. Last Seen IP: 71.227.108.195 on 2023-03-24.

---

[2] Twitch is an online, interactive livestreaming service for video and audio content.

[3] The full date of birth is known to me; however, I have not included it here to protect personal identifying information.

11. The IP address 71.227.108.195 was analyzed using a free online GeoIP2 Web Service. The IP addressed resolved to Muskegon, Michigan.

12. A Michigan Secretary of State search was conducted for ANDREW SORENSEN. The birthday listed on SORENSEN's driver's license matched the date listed on the ANDREW SORENSEN III Facebook profile (12/XX/20000). The person in the driver's license photo also matched the person in the selfie-style photos observed on the ANDREW SORENSEN III Facebook page.

13. On Friday, 12/22/2023, law enforcement interviewed SORENSEN in-person at his home in Norton Shores Michigan. Norton Shores is a municipality within Muskegon County. The interview was set up by law enforcement after they spoke with SORENSEN's grandmother and left a phone number for him to call. SORENSON returned the call from telephone number 231-215-1942, which was the number associated with the **Guitar_Concept#3687** Discord account. During the interview, SORENSEN said that his Discord username was **"Guitar_Concept"** and that Discord had gotten rid of the numbers at the end of the username.[4] SORENSEN said he was part of "mental health" group chats on Discord. He stated that he only used Discord on his phone and had his current phone for approximately 3 years.

14. SORENSEN admitted to talking with a Discord user named "Colby" about a year ago. He said he thought she might have been 14-years-old. SORENSEN admitted to sending MV1 two pictures of his penis and that she sent him three photos

---

[4] Publicly available content on Discord's site regarding updates confirms that the company was moving away from more complicated usernames that contained various digits. *See* https://discord.com/blog/usernames.

5

of her bare chest and two photos of her vagina. At first, SORENSEN denied asking MV1 for the photos and said that she just sent them to him, but then he admitted that he requested the nude photos from her.

15. At the end of the interview, law enforcement seized SORENSEN's phone to prevent the destruction of evidence, until a search warrant could be obtained. The U.S. Attorney's Office has informed me that an officer may seize personal property without a warrant if the officer has a reasonable suspicion that the property contains evidence of a crime. *See United States v. Avery*, 137 F.3d 343, 349 (6th Cir. 1997). Law enforcement seized the phone because they believed the cell phone contained evidence of child pornography, as outlined more fully herein. The phone was located on SORENSEN's person prior to it being seized. In my training and experience with child pornography investigations, had law enforcement left the cell phone with SORENSEN, any evidence related to the child pornography would have been likely and imminently destroyed. They seized the phone to prevent destruction of potential evidence.

16. On 12/22/2023, law enforcement submitted a preservation request to Discord for the SUBJECT ACCOUNT.

**BACKGROUND ON CHILD PORNOGRAPHY, COMPUTERS, AND THE INTERNET**

17. Based on my training, experience, and information obtained from other agents, I know the below statements are accurate.

6

18. Computers and digital technology such as cell phones are the primary way in which individuals interested in child pornography interact with each other. Computers and digital technology such as cell phones basically serve four functions in connection with child pornography: production, communication, distribution, and storage.

19. Digital cameras and smartphones with cameras save photographs or videos as a digital file that can be directly transferred to a computer by connecting the camera or smartphone to the computer, using a cable or via wireless connections such as WiFi or Bluetooth. Photos and videos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone. These memory cards are often large enough to store thousands of high-resolution photographs or videos.

20. Any computer can connect to any smartphone, tablet, or other computer. Through the internet, electronic contact can be made to millions of computers around the world. Child pornography can therefore be easily, inexpensively, and anonymously (through electronic communications) produced, distributed, and received by anyone with access to a computer or smartphone.

21. A computer or phone's ability to store images in digital form makes the device itself an ideal repository for child pornography. Electronic storage media of various types - computer hard drives, external hard drives, CDs, DVDs, and thumb, jump, or flash drives, which are very small devices that are plugged into a port on the computer - can store thousands of images or videos at very high resolution. It is

extremely easy for an individual to take a photo or a video with a digital camera or camera-bearing smartphone, upload that photo or video to a computer, and then copy it (or any other files on the computer) to any one of those media storage devices. Some media storage devices can easily be concealed and carried on an individual's person. Smartphones and/or mobile phones are also often carried on an individual's person.

22. The internet affords individuals several different venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

23. Individuals also use online resources to retrieve and store child pornography. Some online services allow a user to set up an account with a remote computing service that may provide email services and/or electronic storage of computer files in any variety of formats. A user can set up an online storage account (sometimes referred to as "cloud" storage) from any computer or smartphone with access to the internet. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer, smartphone, or external media in most cases.

24. Individuals commonly use smartphone and computer apps to receive, store, distribute, and advertise child pornography, to interact directly with other like-minded offenders or with potential minor victims, and to access cloud-storage services where child pornography may be stored.

25. Communications by way of computer or phone can be saved or stored on the device used for these purposes. Storing this information can be intentional (i.e.,

by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files) or unintentional. Digital information, such as the traces of the path of an electronic communication, may also be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer or phone's user's internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. Such information is often maintained indefinitely until overwritten by other data.

## **CHARACTERISTICS COMMON TO INDIVIDUALS WITH A SEXUAL INTEREST IN CHILDREN**

26. Based upon my knowledge, experience, and training in child exploitation and child pornography (CP) investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals with a sexual interest in children. These characteristics particularly apply to individuals involved in possessing or distributing CP online, including those accessing websites whose primary content is CP. These common characteristics include that the individuals:

    a. Generally have a sexual interest in children and receive sexual gratification from viewing children engaged in sexual activity or in sexually suggestive poses, or from literature describing such activity.

    b. May collect or view sexually explicit or suggestive materials, such as child erotica, in a variety of media, including in hard copy and/or digital

formats. CP viewers and collectors oftentimes use these materials for their own sexual arousal and gratification. They may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse or groom a child to participate in sexual activity, or to demonstrate desired sexual acts to a child. They may also use toys, games, costumes, sexual clothing, sexual paraphernalia, and children's clothing to lure or entice children. They may keep "trophies" or mementos of sexual encounters with children, or items that they use to gratify a sexual interest in children, such as by collecting children's underwear or other items belonging to a child.

c. May take photographs that either constitute CP or indicate a sexual interest in children by using cameras, video cameras, web cameras, and cellular telephones. Such images and videos may be taken with or without the child's knowledge. This type of material may be used by the person to gratify a sexual interest in children.

d. Generally maintain their collections in a safe, secure, and private environment. These images and videos can be downloaded onto desktop or laptop computers, computer disks, disk drives, data disks, system disk operating systems, magnetic media floppy disks, internet-capable devices, cellular telephones, tablets, digital music players, and a variety of electronic data storage devices (hardware, software, diskettes, tapes, CDs, DVDs, SD cards, memory cards, USB/jump/flash memory devices, external hard drives, and other digital storage media). The images can be stored in both digital and

hard copy format and are usually hidden so that they are not found by other members of the residence or by anyone else who enters the home. Such hiding places could include but are not limited to garages, sheds, attics, vehicles, bags, and pockets. Digital files and devices may be password protected, encrypted, or otherwise protected.

e. Often maintain their collections of CP and other materials indicating a sexual interest in children for a long period of time—commonly over the course of several years. These collections are also frequently maintained despite changes in residence or the acquisition of different or newer computer devices.

f. May correspond with and/or meet others to share information and materials; rarely destroy correspondence from other CP distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, screen names, and telephone numbers of individuals with whom they have been in contact and who share the same interests in CP. Such correspondence may take place, for example, through online bulletin boards and forums, internet-based chat messaging, email, text message, video streaming, letters, telephone, and in person. In some cases, these individuals may have joint involvement in CP activities with others within their household or with whom they share a close relationship (e.g., brothers/siblings dating partners, or coworkers).

## BACKGROUND CONCERNING DISCORD

11

27.    Discord is a messaging platform where millions of users from around the world connect with each other through chat, voice, and video Discord has both a desktop (PC, Mac, Linux) application and a mobile (iOS, Android) application, and the service can also be accessed from the website directly at www.discordapp.com. In order to use the services, users need to create an account by selecting a username. Once they've made their account, users can create a server and invite their friends to join it with an invite link, or they can join an existing server. Servers are broken down into sub-categories or "channels" where users can connect with each other by either chatting or calling. Users can also communicate through direct messages, which are private chats created between 1-10 users.

28.    In general, providers like Discord ask each of their subscribers to provide certain personal identifying information when registering for an account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, e-mail addresses, and, for paying subscribers, a means and source of payment (including any credit or bank account number).

29.    Providers such as Discord typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, providers often have records of the Internet

Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

30. In some cases, account users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Providers such as Discord typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

31. Based on previous productions of legal process on Discord and information provided by Discord corporate security, I know that Discord also maintains information concerning the activity of its users. Discord maintains attachments, which are files uploaded to Discord either by the user or someone the user was communicating with. Discord also maintains message content of messages between two or more users, and server content, which contain messages sent and received in the channels the user was participating in. This content and transactional data may include an ID number of the message itself, the channel ID, a timestamp of the message, the username, content of the message, and any attachments associated with the message. Discord also maintains the names of servers, the user ID of the server owner, and additional non-content identifying information identifying the users that this user communicated with.

13

32. The computers or servers of Discord are likely to contain all the material just described, including stored electronic communications and information concerning subscribers and their use of Discord, such as account access information, transaction information, and account activation.

### **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

33. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular, 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Discord to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

34. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

35. The government intends to execute this warrant by serving the warrant on Discord, Inc.  Because the warrant will be served on Discord, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

### **JURISDICTION**

36. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  *See also* 18 U.S.C. § 2703(a), (b)(1)(A), (c)(1)(A).  Specifically, the Court is "a district court of the United

States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## CONCLUSION

37. Based upon the above information, I respectfully submit there is probable cause to believe that within the SUBJECT ACCOUNT there will be evidence, fruits, and instrumentalities of the crimes of coercion and enticement (18 U.S.C. §§ 2422(b)), sexual exploitation and attempted sexual exploitation of a child (18 U.S.C. § 2251(a)), receipt of child pornography (18 U.S.C. § 2252A(a)(2)), and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)), the "subject offenses" that have been committed by ANDREW SORENSON.

38. Accordingly, I request that the Court issue the proposed search warrant, described in Attachment A for items listed in Attachment B.